UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


GEORGE CHRISTOPHER PUGH,

        Petitioner,

v.                                    Case No. 3:14-cv-638-J-39JBT

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER**

**I.  INTRODUCTION**

    Petitioner George Christopher Pugh challenges a 2009, Duval County, conviction for sale or delivery of cocaine.  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1.  He raises two grounds.  The Court will address these grounds, See Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), but no evidentiary proceedings are required in this Court.

    Respondents filed a Response to Petition for Habeas Corpus (Response) (Doc. 9).  In support of their Response, they submitted Exhibits (Doc. 9).[1]  Petitioner filed a Reply to the State's

_____

[1] The Court hereinafter refers to the exhibits contained in the Exhibits as "Ex."  Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix.  Otherwise, the page number on the particular document will be referenced.  The Court will reference the page numbers assigned by the electronic docketing system where applicable.

Response (Reply) (Doc. 14).   See Order (Doc. 6).   Respondents calculate that the Petition is timely filed.   Response at 1-3.

## II.   CLAIMS OF PETITION

Petitioner raises two grounds in his Petition: (1) ineffective assistance of counsel for failure to adequately and timely file a motion to dismiss concerning Petitioner's detention for a period of 45 days without being charged, and (2) trial court error for sentencing Petitioner to twenty-five years in prison as an habitual felony offender although Petitioner did not meet the habitual offender criteria.   Respondents urge this Court to find that Petitioner failed to allege a violation of a federal right in his first ground, and raised a state law claim in his second ground that is not cognizable in federal habeas court.   Response at 3-7.

## III.   STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs a state prisoner's federal petition for habeas corpus. See 28 U.S.C. § 2254; Ledford v. Warden, Ga. Diagnostic & Classification Prison, 818 F.3d 600, 642 (11th Cir. 2016), petition for cert. filed, – U.S. – (U.S. Oct. 14, 2016) (No. 16-6444). "'The purpose of AEDPA is to ensure that federal habeas relief functions as a guard against extreme malfunctions in the state criminal justice systems, and not as a means of error correction.'" Id. (quoting Greene v. Fisher, 132 S.Ct. 38, 43 (2011)).

> Under AEDPA, when a state court has
> adjudicated the petitioner's claim on the

merits, a federal court may not grant habeas relief unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). A state court's factual findings are presumed correct unless rebutted by clear and convincing evidence.[2] Id. § 2254(e)(1); Ferrell v. Hall, 640 F.3d 1199, 1223 (11th Cir. 2011).

..."It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." [Harrington v. Richter, 562 U.S. 86, 101 (2011)] (citing Lockyer v. Andrade, 538 U.S. 63, 75, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003)). The Supreme Court has repeatedly instructed lower federal courts that an unreasonable application of law requires more than mere error or even clear error. See, e.g., Mitchell v. Esparza, 540 U.S. 12, 18, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003); Lockyer, 538 U.S. at 75 ("The gloss of clear error fails to give proper deference to state courts by conflating error (even clear error) with unreasonableness."); Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("[A]n unreasonable application of federal law is different from an incorrect application of federal law.").

Bishop v. Warden, GDCP, 726 F.3d 1243, 1253–54 (11th Cir. 2013),

cert. denied, 135 S.Ct. 67 (2014).

---

[2] "This presumption of correctness applies equally to factual determinations made by the state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

In applying AEDPA deference, the first step is to identify the last state court decision that evaluated the claim on its merits. See Wilson v. Warden, Ga. Diagnostic Prison, 834 F.3d 1227, 1235 (11th Cir. 2016) (en banc), petition for cert. filed, - U.S. - (U.S. Nov. 10, 2016) (No. 16-6855); Marshall v. Sec'y, Fla. Dep't of Corr., 828 F.3d 1277, 1285 (11th Cir. 2016). Regardless of whether the last state court provided a reasoned opinion, "it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99; see also Johnson v. Williams, 133 S.Ct. 1088, 1096 (2013).

Where the last adjudication on the merits is "'unaccompanied by an explanation,' a petitioner's burden under section 2254(d) is to 'show [ ] there was no reasonable basis for the state court to deny relief.'" Wilson, 834 F.3d at 1235 (quoting Richter, 562 U.S. at 98). "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." Richter, 562 U.S. at 102; see also Wilson, 834 F.3d at 1235; Marshall, 828 F.3d at 1285. To determine which theories could have supported the state appellate court's decision, the federal habeas court may look to a state trial court's previous opinion as one

example of a reasonable application of law or determination of fact; however, the federal habeas court is not limited to assessing the reasoning of the lower court. Wilson, 834 F.3d at 1239. As such,

> even when the opinion of a lower state court contains flawed reasoning, [AEDPA] requires that [the federal court] give the last state court to adjudicate the prisoner's claim on the merits "the benefit of the doubt," Renico [v. Lett, 449 U.S. 766, 733 (2010)] (quoting [Woodford v. Visciotti, 537 U.S. 19, 24 (2002)] ), and presume that it "follow[ed] the law," [Woods v. Donald, --- U.S. ----, 135 U.S. 1372, 1376 (2015)] (quoting Visciotti, 537 U.S. at 24).

Wilson at 1238; see also Williams, 133 S.Ct. at 1101 (Scalia, J., concurring).

## IV.  PROCEDURAL HISTORY

Respondents provide a brief procedural history in their Response. Response at 1-3. Petitioner accepts this procedural history as accurately presented. Reply at 1.

## V.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.  Ground One

In his first ground, Petitioner claims ineffective assistance of counsel for failure to adequately and timely file a motion to dismiss concerning Petitioner's detention for a period of 45 days without being charged. Petition at 5. Petitioner states:

> Defendant was arrested on 11/22/2008, and was held in county jail (Duval County, FL) without being formally charged by the State of Florida until January 5, 2009, a total of 45

- 5 -

> days. Defendant repeatedly advised his trial
> counsel about this violation of criminal
> procedures governing the detention of
> offenders without being formally charged,
> counsel failed to move the court for a
> dismissal and discharge of Defendant.

<u>Id</u>.

In ground one, Petitioner raises a claim of ineffective assistance of trial counsel. <u>Id</u>. Petitioner exhausted this ground by raising it in his Rule 3.850 motion. Ex. H at 6. The trial court denied relief, <u>id</u>. at 11, and the First District Court of Appeal per curiam affirmed. Ex. K.

This Court must be mindful that in order to prevail on this Sixth Amendment claim, Petitioner must satisfy the two-pronged test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), requiring that he show both deficient performance (counsel's representation fell below an objective standard of reasonableness) and prejudice (there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different).

Of note, on March 20, 2009, the circuit court conducted a motion for release hearing addressing the delay in filing the information. Ex. A at 79-86. Defense counsel argued that the division was in session on January 2, 2008, the fortieth day, but the information is dated January 5, 2008. <u>Id</u>. at 82. The circuit court, after hearing argument, denied the motion for release. <u>Id</u>. at 86.

- 6 -

In denying the Rule 3.850 motion, the circuit court opined:

> Defendant's second claim asserts that his counsel was ineffective for failing to file a motion to dismiss the charges against him, providing that the basis for the motion was the fact that charges were not filed until Defendant was in jail for forty-seven (47) days. This Court notes that had counsel filed a motion to dismiss, the State could have filed a traverse pursuant to Rule 3.190(d) denying material facts alleged in the motion, which would have required the Court to deny the motion. State v. Kalogeropolous, 758 So.2d 110, 111 (Fla. 2000); Whitted v. State, 992 So.2d 352, 353 (Fla. 4th DCA 2008). Therefore, the Defendant has failed to show the necessary prejudice to prevail on this claim. Strickland, 466 U.S. at 687. Further, even if the State did not file a traverse to the motion, the Defendant has failed to establish prejudice because his allegations do not support dismissal of the charges.

Ex. H at 11.

Petitioner appealed, Ex. I, and the state filed a notice that it would not file an answer brief. Ex. J. The First District Court of Appeal per curiam affirmed on November 8, 2012. Ex. K. The mandate issued on December 4, 2012. Ex. PD-2 at 13.

Respondents contend that Petitioner does not allege a violation of a federal right. Response at 4. In order to address this claim, the Court must be mindful of the purpose of a federal habeas proceeding: to review the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States. See Coleman v. Thompson, 501 U.S. 722 (1991). There has been no breach of a federal constitutional mandate in the instant case.

- 7 -

Under the circumstances, Petitioner was not entitled to dismissal under the United States Constitution.  Indeed, Rule 3.134, Fla. R. Crim. P., "does not mandate a defendant's automatic release if the state files an information or indictment after the [designated] filing period has expired but before the court hears the defendant's motion for release." Valdez v. Tramel, 581 So.2d 161, 162 (Fla. 1991) (relying on the holding in Bowens v. Tyson, 578 So.2d 696 (Fla. 1991)).  As noted in Bowens, 578 So.2d at 697, the underlying purpose of the rule is to force the state to bring formal charges as soon as practical after an arrest.

If Petitioner's counsel had filed a motion to dismiss, the state could have filed a traverse to address the request for dismissal.  Boler v. State, 678 So.2d 319, 323 (Fla. 1996). Significantly, even if defense counsel had filed motion for release or to dismiss prior to the filing of the information, the state would have had an opportunity to cure any error by filing an information. Ford v. Campbell, 697 So.2d 1301, 1303 (Fla. 1st DCA 1997).  Therefore, even assuming counsel's performance was deficient for failure to file a motion for release or to dismiss prior to the filing of the information, there was no prejudice.

Respondents also adopt the state post conviction court's reasoning on this issue.  Response at 5.  Petitioner is not entitled to relief on this ground, the claim of ineffective assistance of trial counsel.  Deference under AEDPA should be given the state court's decision affirming the denial of post conviction

- 8 -

relief.   The state court's adjudication of this claim is not
contrary to or an unreasonable application of <u>Strickland</u>, or based
on an unreasonable determination of the facts.   Ground one is due
to be denied.

## B.   Ground Two

In his second ground, Petitioner claims the trial court erred
in sentencing Petitioner to twenty-five years in prison as an
habitual felony offender even though Petitioner did not meet the
habitual offender criteria.   Petition at 6.   He explains that he
was released from prison at 8:35 a.m. on November 22, 2003, and
arrested on November 22, 2008 at 21:45 (9:45 p.m.).   He urges this
Court to find that the trial court erred by considering his evening
offense on November 22, 2003, at 9:45 p.m., to be within five years
of his prior release from prison at 8:35 a.m., on November 22,
2003.

Initially, Petitioner attempted to raise this ground in his
Rule 3.850.   Ex. H at 6.   The circuit court rejected this claim
finding it not cognizable in a motion for post conviction relief.
<u>Id</u>. at 11-12.   The First District Court of Appeal affirmed per
curiam.   Ex. K.   Thereafter, Petitioner raised this claim of trial
court error in a Motion to Correct Illegal Sentence.   Ex. L.
Petitioner claimed that he could not be sentenced under the
habitual felony offender statute because five years, thirteen hours
and ten minutes passed between his release from prison and the

- 9 -

commission of his new offense.   Id. at 2.   The circuit court addressed his claim as follows:

> A defendant's classification as an HFO will be upheld when the trial court relies upon "record evidence presented to the court in the form of certified copies of convictions and 'original' court files" as support of any prior convictions. Slade v. State, 898 So.2d 120, 120-21 (Fla. 4th DCA 2005).   With reference to the five-year time frame for classification as an HFO, the following provides the relevant law:

> (a) "Habitual felony offender" means a defendant for whom the court may impose an extended term of imprisonment, as provided in paragraph (4)(a), if it finds that: . . . 2. The felony for which the defendant is to be sentenced was committed:

> . . .

> (b) Within 5 years of the date of the conviction of the defendant's last prior felony or other qualified offense, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a result of a prior conviction for a felony or other qualified offense, whichever is later.

> § 775.084(1)(a)(2)b, Fla. Stat. See Turner v. State, 91 So.3d 219, 220 (Fla. 3d DCA 2012). (stating that "[t]he habitual offender statute requires only that a defendant's last prior felony (or release from imprisonment) . . . be within five years of the date of the current felony offense").

- 10 -

In the instant case, in accordance with _Slade_, the State properly provided the original certified judgments and sentences in case number 2000-CF-10956 and 2002-CF-2662, and certified Department of Corrections documents confirming Defendant's release was on November 22, 2003. (Exs. C, D, E, F, G). _See_ _Slade_, 898 So.2d at 120-21. Based on the HFO statute and case law cited above, **the actual time Defendant was released is irrelevant so long as the prior felony conviction occurred within five years of the date of the release from imprisonment.**

As such, the Court finds the Defendant was properly habitualized as Defendant's release in case number 2002-CF- 2662 occurred within five years of the commission of the instant Sale or Delivery of Cocaine offense. _See_ _Turner_, 91 So.3d at 220. Based on the record cited herein, Defendant was released from jail on November 22, 2003, which is within five years of the instant offense that was committed (and by Defendant's own admission in the instant Motion) on November 22, 2008. (Ex. H). § 775.084(1)(a)(2)b, Fla. Stat. Therefore, Defendant's release in case number 2002-CF-2262 qualifies as a release from a prior conviction within five years of the instant felony commission of the crime. _See_ _id._ **Because the State complied with the law in presenting evidence of the prior felony conviction release in classifying Defendant as an HFO, Defendant's classification and sentence as an HFO must stand.** This Court denies Defendant's claim in the instant Motion.

Ex. N at 14-15 (emphasis added).

Also, the Court found the Motion to Correct to be frivolous and cautioned Petitioner that he could be sanctioned if he continued to file frivolous pro se motions. _Id_. at 15. The circuit court attached the certified documents showing the release

date of November 22, 2003 and the date of the instant felony commission of the crime on November 22, 2008. Id. at 17-44.

Petitioner appealed this decision. Id. at 46-47; Ex. M. The First District Court of Appeal affirmed per curiam on March 10, 2014. Ex. N. Petitioner moved for rehearing, and the appellate court denied rehearing on April 21, 2014. Ex. O. On May 7, 2014, the mandate issued. Ex. P.

Upon review, Florida decisions support the reasoning of the circuit court in rejecting Petitioner claim of trial court error. See Edwards v. State, 743 So.2d 76 (Fla. 5th DCA 1999) (pointing out that the habitual felony offender statute only requires that the last prior felony conviction, or release from prison, "be within five years of the date of the current offense"); Clark v. State, 681 So.2d 816 (Fla. 5th DCA 1996) (per curiam) (holding same); and Turner v. State, 91 So.3d 219, 220 n.1 (Fla. 3rd DCA 2012) (same language). Moreover, the trial court relied on certified copies of official records. Moncus v. State, 69 So.3d 341, 343 (Fla. 4th DCA 2011) (certified copies and official court records required for enhancement purposes); Slade v. State, 898 So.2d 120 (Fla. 4th DCA 2005) (per curiam) (affirming reliance on record evidence of certified copies of convictions and court files to support finding of habitual offender status).

In their Response, Respondents assert that ground two is not cognizable in federal habeas corpus proceedings. Response at 6. Upon review, this ground certainly involves statutory

- 12 -

interpretation of a state law by state courts.  The writ of habeas corpus under 28 U.S.C. § 2254 "was not enacted to enforce State-created rights."  Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988)), cert. denied, 531 U.S. 1170 (2001).

The Eleventh Circuit allows that only in cases of federal constitutional error will a federal writ of habeas corpus be available.  See Jones v. Goodwin, 982 F.2d 464, 471 (11th Cir. 1993); Krasnow v. Navarro, 909 F.2d 451, 452 (11th Cir. 1990).  As such, federal habeas relief does not lie for errors of state law. It is not the province of a this Court to reexamine state-court determinations on issues of state law.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).  "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'"  Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).  The federal habeas corpus court will be bound by the Florida court's interpretation of its own laws unless that interpretation breaches a federal constitutional mandate.  McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992) (per curiam), cert. denied, 504 U.S. 944 (1992).

Since ground two presents an issue that is not cognizable in this habeas proceeding, this ground cannot provide a basis for federal habeas corpus relief.  Reviewing this ground, there is no

- 13 -

breach of a federal constitution mandate.  Therefore, the claim raised in ground two is due to be denied.

Alternatively, even if this claim were cognizable on federal review, Petitioner is not entitled to relief.  The state circuit court found that the state complied with the law in presenting evidence of the prior felony conviction release.  Ex. L at 15.  The appellate court affirmed.  Ex. N.  The state court's adjudication of this claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in the light of the evidence presented in state court proceedings.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.    The Petition (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2.    The **Clerk of the Court** shall enter judgment accordingly and close this case.

3.    If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**.[3]  Because this Court

---

[3] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case.  Such termination shall serve as a denial of the motion.

      **DONE AND ORDERED** at Jacksonville, Florida, this 25th day of January, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 1/24
c:
George Christopher Pugh
Counsel of Record

---

(2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).  Upon due consideration, this Court will deny a certificate of appealability.

- 15 -